| | |
|---|---|
| MICHAEL W. JENKINS, | ) |
| | ) Civil No. 03-376-ST |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT SCHIEDLER, | ) |
| | ) FINDINGS AND RECOMMENDATION |
| Respondent. | ) |

Lisa Hay
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

///

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he raises an *ex post facto* challenge to a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") deferring his parole for 24 months. For the reasons set forth below, the Petition for Writ of Habeas Corpus (docket #1) should be denied, and judgment should enter dismissing this case with prejudice.

## BACKGROUND

Petitioner was convicted of Attempted Murder, Robbery in the First Degree, two counts of Rape in the First Degree, Kidnaping in the First Degree, Sodomy in the First Degree and Robbery in the Third Degree for crimes he committed in 1979 and 1980. Respondent's Exhibit 101. During the time petitioner committed his crimes, Oregon used an indeterminate sentencing scheme. The sentencing court imposed a maximum release date, and the Board established a projected release date which was subject to deferral if certain conditions were met. Under this system, petitioner was assigned a maximum release date of January 4, 2096, and the Board established a projected parole release date of March 5, 2001. Respondent's Exhibits 101, 103 & 104.

On October 5, 2000, the Board deferred petitioner's parole release date by 24 months. Respondent's Exhibit 103. The Board concluded as follows:

2 - FINDINGS AND RECOMMENDATION

> BASED ON THE DOCTOR'S REPORT AND DIAGNOSIS, COUPLED WITH ALL THE INFORMATION THAT THE BOARD IS CONSIDERING, THE BOARD CONCLUDES THAT THE INMATE SUFFERS FROM A PRESENT SEVERE EMOTIONAL DISTURBANCE THAT CONSTITUTES A DANGER TO THE HEALTH OR SAFETY OF THE COMMUNITY. THE BOARD HAS CONSIDERED THIS MATTER UNDER THE LAWS IN EFFECT AT THE TIME OF THE COMMITMENT OFFENSE(S).

Id.

Petitioner sought administrative review of the Board's decision to defer his scheduled parole release date, asserting that the Board retroactively applied a law which was not in effect at the time he committed his crimes. He argued that under the laws which applied to him, the Board did not have the discretion to defer his parole, but was required to release him from custody. Respondent's Exhibit 104. The Board rejected these arguments and reaffirmed its decision on February 1, 2001. Id.

Petitioner next filed a state habeas corpus petition in Umatilla County challenging the Board's decision. Following a hearing, the trial court granted the State's motion to dismiss. Respondent's Exhibits 115-117. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Jenkins v. Hill, 185 Or.App. 406, 61 P.3d 280 (2002), rev. denied 335 Or. 255, 66 P.3d 1025 (2003).

Petitioner filed the current action on March 24, 2003, and re-filed his Petition for Writ of Habeas Corpus on April 15, 2003. The Petition presents the following claims for consideration:

> 1. The Board violated the prohibition against *ex post facto* punishment when it used ORS 144.125(3) (1981) to defer petitioner's parole release date;
>
> 2. The Board violated the prohibition against *ex post facto* punishment when it used ORS 144.185 (1981) to defer petitioner's parole release date;
>
> 3. The Board violated the prohibition against *ex post facto* punishment when it retroactively applied OAR 255-60-012(4); and
>
> 4. The Board violated the Fourteenth Amendment by the application of certain, unidentified, administrative rules.

Petition (docket #1), pp. 5-6.

Petitioner concedes that Grounds Two and Four do not entitle him to relief, but continues to seek relief on Grounds One and Three. Respondent asks the court to deny relief on these claims because petitioner procedurally defaulted Ground Three, the state court decisions are entitled to deference, and petitioner's claims lack merit.

### DISCUSSION

### I. Exhaustion and Procedural Default

Respondent asserts that petitioner did not fairly present Ground Three to Oregon's courts because he failed to raise it before the state trial court. He argues that while petitioner attempted to raise the claim on appeal, it was not preserved and therefore was presented to the Oregon Court of Appeals in a procedural context in which the merits were not considered. Petitioner has not responded to this argument.

4 - FINDINGS AND RECOMMENDATION

### A. **Standards**

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A state prisoner has not fairly presented his federal claims to a state court unless he has referenced specific provisions of the federal constitution or statutes, or cited to federal case law. Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) as modified by 247 F.3d 904 (9th Cir. 2001).

A petitioner must have also presented his claim in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v.

Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

   B.   **Analysis**

Ground Three alleges that the Board retroactively applied OAR 255-60-012(**4**) (1990) to petitioner when deferring his parole in violation of the *Ex Post Facto* Clause. In his state Petition for Writ of Habeas Corpus, petitioner claimed that the Board committed an *ex post facto* violation when it used ORS 144.125(3) (1981) and OAR 255-60-012(**5**) (1990) to extend his parole release date. Respondent's Exhibit 105, p. 2. In his Replication, petitioner alleged that the Board's application of ORS 144.125(3) (1981) and OAR 255-60-012(**3**) and (**5**) (1990) violated the prohibition against *ex post facto* laws. Respondent's Exhibit 107, p. 3. In neither of these documents did petitioner cite OAR 255-60-012(**4**).

OAR 255-60-012 (1990) provides, in relevant part, the following:

> (3) If the psychiatric/psychological reports indicate that a psychiatric or psychological condition of severe emotional disturbance, such as to constitute a danger to the health or safety of the community, is present, the Board may defer parole release until a specified future date upon finding:
>
>    (a) the prisoner has a severe emotional disturbance; and
>
>    (b) the condition renders the prisoner a danger to the health or safety of the community.

>     (4) The majority of the Board may defer a scheduled parole release date up to two years. A panel may defer a scheduled parole release date up to 18 months.
>
>     (5) If the Board makes a finding that a severe emotional disturbance such as to constitute a danger to the health or safety of the community does not exist, the Board shall affirm the parole release date and set parole conditions.

OAR 255-60-012 (1990).

Paragraphs (3) and (5) of this regulation address the specific findings the Board must make before either deferring or affirming a scheduled parole release date. In contrast, paragraph (4) governs the maximum allowable deferral of a scheduled parole release date. Not only did petitioner's Petition and Replication fail to cite OAR 255-60-012(4) (1990), they also contained no allegation that the Board overstepped its authority with respect to the length of the deferral it ordered.

Although petitioner did attempt to raise such an argument orally during his state habeas hearing,[1] Oregon law does not allow a habeas petitioner to present claims in this manner. Barber v.

---

[1] Petitioner claimed that the Board could only defer his release by a period "not to exceed one year," arguing that "the Parole Board gave me 24 months but, under their own rules in 1981, it says not to exceed one year." Respondent's Exhibit 114, pp. 17-18. Counsel for the State moved to strike the argument because petitioner "now wants to bring forth facts that were not pled in the replication. He wants to make arguments that weren't made in the replication." Id at 18-19. Although the habeas trial court took the objection under advisement, its ruling on the issue does not appear to be in the record submitted to this court.

Gladden, 215 Or. 129, 332 P.2d 641 (1958) (requiring all grounds for relief must be raised in the original or amended habeas corpus petition); cf. Bowen v. Johnson, 166 Or. App. 89, 92, 999 P.2d 1159, 1160 (2000) (the allegations contained in a petition for post-conviction relief limit the issues for the court's determination, and any issues not contained in the petition are waived).

Because petitioner failed to present Ground Three to the state trial court in the proper procedural context, he could not have fairly presented the issue to either the Oregon Court of Appeals or the Oregon Supreme Court. See O.R.A.P. 5.45(4)(a) (each assignment of error must be preserved in the lower court) and O.R.A.P. 9.20(2) (questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court). Accordingly, Ground Three is procedurally defaulted. Petitioner has not demonstrated cause and prejudice, or made a colorable showing of actual innocence, sufficient to excuse the default.

## II. The Merits

In his sole claim based on Ground One, petitioner argues that the Board violated his right to be free from *ex post facto* punishment when it retroactively used ORS 144.125(3) (1981) to defer his parole release date.

///

A.  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).[2]

**B.    Analysis**

The *Ex Post Facto* Clause of the U.S. Constitution prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 250 (2000). A law violates the Ex Post Facto Clause if: (1) it "appl[ies] to events occurring before its enactment," Weaver v. Graham, 450 U.S. 24, 29 (1981); and (2) "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Calif. Dep't. of Corr. v. Morales, 514 U.S. 499, 504 (1995). There is no *Ex Post Facto* violation if it

---

[2] In this case, the state trial court determined that dismissal was appropriate "[f]or the reasons set forth in the attorney general's motion to dismiss. . . ." Respondent's Exhibit 115, p. 3. Although the trial court adopted the State's rationale as its own, this court nevertheless elects to review the record independently.

"creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes." Morales, 514 U.S. at 513. The relevant inquiry in cases involving parole is whether the amended rule creates a significant risk of prolonging a prisoner's incarceration. Garner, 529 U.S. at 251.

Here there is no dispute that the Board applied ORS 144.125(3) (1981) to petitioner instead of ORS 144.125(3) (1977), the law in effect at the time he committed his crimes. The court must therefore determine only whether the retroactive application of the 1981 statute created a significant risk of prolonging petitioner's incarceration.

ORS 144.125(3) (1977) allowed the Board to postpone an inmate's parole release date based solely on a finding that an inmate had a severe emotional disturbance. In Daniels v. Cogswell, Civ. No. 79-651 (1979), a class of prisoners challenged this law claiming that it violated the Rehabilitation Act of 1973. The Honorable Gus J. Solomon agreed with the inmates and enjoined the Board from applying ORS 144.125(3) (1977) to deny or postpone parole based solely on the presence of a severe emotional disturbance. In the Final Judgment issued in Daniels, Judge Solomon enjoined the Board from applying ORS 144.125(3) (1977) "to deny or postpone the parole of any of the plaintiffs or any member of the class whom they represent on the basis of alleged severe

11 - FINDINGS AND RECOMMENDATION

emotional disturbance since such action violates plaintiffs' rights under Section 504 of the Rehabilitation Act of 1973 . . . ." Respondent's Exhibit 112.

Petitioner reads the language from <u>Daniels</u>' Final Judgment to enjoin the Board from applying ORS 144.125(3) (1977) at all. As a result, he contends that the Board was rendered powerless to defer any inmate's parole under this statute because only the later 1981 version of ORS 144.125(3) satisfied <u>Daniels.</u>

The Honorable Ancer L. Haggerty addressed this issue in 2000 when a number of plaintiffs asked the court to hold the Board in contempt for acting in violation of <u>Daniels</u>' Final Judgment when it deferred their scheduled parole release dates. Judge Haggerty wrote:

> In a narrowly written opinion, Judge Solomon found only that 'the exclusion of plaintiffs from participation in the parole release program because of their alleged severe emotional disturbances violate[d] the provisions of the Rehabilitation Act.' Accordingly, Judge Solomon enjoined the Board from 'enforcing and applying' the challenged provisions to deny or postpone paroles on the basis of severe emotional distress. *See Daniels v. Cogswell*, CV No. 79-651 (Final Judgment, November 28, 1979). Notwithstanding his holding that the Board could not 'deny release on parole solely because of a prisoner's severe emotional disturbance[,]' Judge Solomon determined that the Board may postpone or deny parole if it determines 'the prisoner will be a danger to the health or safety of the community[.]' *Daniels v. Cogswell*, CV 79-651 (Opinion, September 13, 1979).

Respondent's Exhibit 123, p. 3.

As Judge Haggerty recognized, <u>Daniels</u> only precluded the Board from using ORS 144.125(3) (1977) to defer parole based solely on a

12 - FINDINGS AND RECOMMENDATION

finding that an inmate suffered from a severe emotional disturbance. Daniels did not prohibit the Board from deferring parole if it *also* found that the inmate posed a danger to the health or safety of the community.

Although not in effect at the time petitioner committed his crimes, ORS 144.125(3) (1981) reflects the rule set out in Daniels which governed ORS 144.125(3) (1977). In light of Daniels, the statutes were effectively the same, leaving petitioner to face no greater risk of prolonged incarceration through the application of the 1981 version of the statute. For this reason, upon an independent review of the record, the court finds the Oregon state court decisions denying relief on petitioner' Ground One *ex post facto* claim to be neither contrary to, nor unreasonable applications of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due April 8, 2005. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 22nd day of March, 2005.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge